**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 31 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10252 |
| Plaintiff-Appellee, | D.C. No. 4:14-cr-01568-CKJ-EJM-1 |
| v. | |
| JESUS EDER MORENO ORNELAS, AKA Jesus Edgar Juanni Moreno, AKA Jesus Eder Mendivel-Mendivel, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted July 13, 2020
San Francisco, California

Before: IKUTA and HURWITZ, Circuit Judges, and TAGLE,[**] District Judge.

Jesus Eder Moreno Ornelas ("Moreno") appeals his convictions for

possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and

924(a)(2), and possession of a firearm by an illegal alien, in violation of

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Hilda G. Tagle, United States District Judge for the
Southern District of Texas, sitting by designation.

§§ 922(g)(5)(A) and 924(a)(2).[1] He also appeals his sentence of 520 months of imprisonment to be followed by five years of supervised release. We affirm.

1. Moreno challenges his felon-in-possession and illegal-alien-in-possession convictions in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which held that in a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2), "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id*. at 2200.

Because Moreno did not raise a *Rehaif* challenge when moving for acquittal in the district court, we apply plain error review to his sufficiency-of-the-evidence claim. *United States v. Benamor*, 937 F.3d 1182, 1188 (9th Cir. 2019). A claim of defective indictment raised for the first time on appeal is also reviewed for plain error. *United States v. Leos-Maldonado*, 302 F.3d 1061, 1064 (9th Cir. 2002). Under the plain error standard, relief is not warranted unless there has been (1) error, (2) that is plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *Id*. (citing *United States v. Olano*, 507 U.S. 725, 731 (1993)).

It is undisputed that the indictment did not charge the requisite knowledge of

---

[1] We previously vacated Moreno's convictions for two counts of attempted robbery. *United States v. Ornelas*, 906 F.3d 1138 (9th Cir. 2018).

status, and that the district court erred by not requiring the government to prove Moreno's knowledge of his statuses as a convicted felon and an unlawful alien. *See United States v. Luong*, --- F.3d ---, 2020 WL 4033847, at *11 (9th Cir. July 17, 2020); *United States v. Johnson*, 963 F.3d 847, 850 (9th Cir. 2020). However, Moreno cannot satisfy the third and fourth prongs of the plain error test. He stipulated to a prior felony conviction, for which he received a 30-month sentence, according to the revised presentence report. *See Johnson*, 963 F.3d at 854 (concluding that uncontroverted evidence that defendant was sentenced to more than a year in prison "will ordinarily preclude" satisfaction of the fourth prong). Moreno also stipulated that he was not a U.S. citizen and was in the country without the Attorney General's consent. There is no reasonable probability that, but for the omission in the indictment, the jury would have reached a different verdict on the possession charges. For this reason, the error did not affect Moreno's substantial rights, nor the fairness, integrity, or public reputation of the trial. *See Luong*, 2020 WL 4033847, at *12. And for the same reason, the district court did not plainly err in determining the evidence was sufficient to support Moreno's convictions.[2]

---

[2] We would reject Moreno's *Rehaif* challenge to the sufficiency of the evidence even if it were preserved before the district court. Considering the "evidence presented at trial in the light most favorable to the prosecution," a "rational trier of fact" could find that Moreno knew of his prohibited status beyond a reasonable

2. Moreno challenges his sentence on two grounds, which we address in turn. We first reject his argument that *Nelson v. Colorado*, 137 S. Ct. 1249 (2017), overruled *United States v. Watts*, 519 U.S. 148 (1997) (per curiam). *Nelson* held that if a person is not convicted of an offense, the consequences specific to a conviction of that offense cannot be imposed. 137 S. Ct. at 1257–58. This does not contradict *Watts*'s holding that if a defendant is convicted of an offense, the district court can consider all relevant conduct at sentencing. 519 U.S. at 153–54. Accordingly, the district court did not err in considering conduct underlying the attempted murder charge that did not result in a conviction.

We also reject Moreno's argument that the sentencing judge erred in interpreting and applying the attempted first-degree murder guideline, U.S.S.G. § 2A2.1(a)(1). We review a court's interpretation of the guidelines de novo; application of the Guidelines to the facts of a given case for abuse of discretion; and factual findings for clear error. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1174–75 (9th Cir. 2017) (en banc).

The district court correctly interpreted the attempted first-degree murder guideline by distinguishing the requisite elements of "intent to kill" and "premeditation." Further, the district court did not abuse its discretion in applying

doubt. *United States v. Nevils*, 598 F.3d 1158, 1163 (9th Cir. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

the attempted first-degree murder guideline. Sufficient evidence supports the finding that Moreno contemplated the attempted killing, given Moreno's conduct leading up to the physical altercation (including his initial refusal to comply with the officer's orders); the length of the altercation; Moreno's dominant position during the altercation; the timing and the number of shots fired; the officer yelling "no, no" when the second and third shots were fired towards him; and Moreno's statements suggesting that he was thinking about the consequences of his action.

**AFFIRMED**.